Filed 2/11/21  P. v. Racle CA3

### NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C085733 |
| Plaintiff and Respondent, | (Super. Ct. No. 16F1941) |
| v. | |
| MARTIN WILLIAM RACLE, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL BACKGROUND**

Charles Balding was hiking when defendant, Martin William Racle, approached and asked if he had marijuana, then asked for his cell phone and car keys.  Balding

1

repeatedly said no and backed away from defendant. Defendant sounding desperate, persisted, then walked away. Balding was afraid and returned to his truck. When he got back to his truck, he saw defendant. It looked like defendant was trying to get into the back of the camper shell on the truck. Balding loudly asked, "Can I help you?" Defendant answered back, in a loud angry voice, "Can I help you?" As Balding walked around the gate to his truck, defendant kept asking for Balding's car keys and cell phone. Balding kept refusing. Defendant said, "I need them more than you." Defendant kept insisting and following Balding around the car. As Balding unlocked the driver's side door, defendant grabbed him by his jacket. Balding shoved him back, and as defendant pulled, Balding's jacket tore. Balding got in his truck and locked his doors. Defendant walked around to the passenger side, and punched the window three or four times, and said, "I'm going to knock you out. I'm better than you." He appeared very angry. Balding was terrified, sped out of the parking lot, and called 911.

An information charged defendant with: attempted carjacking (Pen. Code, §§ 215, subd. (a)/664; count 1);[1] attempted second degree robbery (§§ 211/664; count 2); and criminal threats (§ 422; count 3). The information also alleged defendant had two prior serious or violent felonies (§§ 1170.12/667, subd. (a)(1)), and had served a prior prison term (§ 667.5, subd. (b)).

After rejecting an eight-year plea offer, the prosecution rejected defendant's six-year counter-offer, and withdrew the eight-year offer. Ultimately, defendant pleaded no contest to counts 1 and 2, admitted one prior serious felony enhancement allegation and the prior prison term enhancement allegation, with the understanding he would be sentenced to 11 years four months in state prison. Defendant waived his right to a presentence investigation report.

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

About two months later, defendant, represented by new counsel, filed a motion to continue sentencing, seeking to allow new counsel to obtain transcripts of defendant's plea proceedings and to prepare for sentencing. The trial court denied the motion. About one week later, defendant filed a second motion to continue sentencing and a motion to withdraw his waiver of a presentence investigation report. He then filed a motion to withdraw his plea and enforce the prior plea offer of eight years, claiming ineffective assistance of counsel. Defendant claimed he was unduly influenced to enter his pleas and admissions because prior counsel was not prepared to proceed to trial, failed to communicate with him, failed to order a touch DNA test, and failed to gain his trust and confidence. The trial court denied these motions.

The trial court sentenced defendant to the agreed upon term of 11 years four months calculated as follows: the upper term of four years, six months, doubled due to the prior serious felony to nine years, on count 1; plus one-third the mid-term, or eight months, doubled due to the prior serious felony to 16 months; plus one year for the prior prison term. The trial court awarded defendant 1,100 days of presentence custody credits, ordered defendant to pay a $600 restitution fine (§ 1202.4), imposed and stayed an identical parole revocation fine (§ 1202.45), imposed an $80 court operations fee (§ 1465.8), a $60 criminal conviction fee (Gov. Code, § 70373), and $17 in direct victim restitution (§ 1202.4, subd. (f)).

## *WENDE* REVIEW

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

_____/s/_____
MURRAY, J.

We concur:

_____/s/_____
ROBIE, Acting P. J.

_____/s/_____
MAURO, J.